IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TRINIDAD ORTEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-201-KC |
| | § | |
| UNTIED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court Considered Plaintiff's "Application to Proceed in Forma Pauperis" ("Application"), ECF No. 1, and "Complaint Under 42 U.S.C. § 1983" ("Complaint"), ECF No. 1-1. For the reasons set forth herein, Plaintiff's Application is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**I.     BACKGROUND**

On May 16, 2011, Plaintiff filed his Application and Complaint. Appl.; Compl. In the section of his Application detailing his assets, Plaintiff stated that in the last twelve months he received money from "U.S.A. checks," but did not describe the precise amount of money. Appl. 1. Plaintiff also stated that he does not own cash or have money in a checking or savings account. *Id*. Furthermore, Plaintiff claimed that he does not own real estate, stocks, bonds, notes, automobiles, or any other valuable property. *Id*. at 2.

Plaintiff's Complaint was submitted on a form provided for prisoners to file actions under 42 U.S.C. § 1983. *See* Compl. Plaintiff indicated that his place of confinement was "J.J.Jones Law Firm." *Id*. at 1. In the space provided for Plaintiff to list the name of the defendants, Plaintiff wrote only, "U.S.A." *Id*. In the space requesting each defendant's full name, official position, place of

employment, and full mailing address, Plaintiff wrote only "[jail]." *Id.* at 3. Further, in the space provided to describe the acts or omissions of the defendant that harmed him, Plaintiff wrote, "Defendant deny a[] docket call" and "Defendant beat me on the head." *Id.* In the space provided for a more detailed statement of his claim, Plaintiff alleged that "the [jailers], policemen, [and] prison guards hit Plaintiff many times on head" and that "Plaintiff is seeking doctors." *Id.* at 4. Plaintiff states that he seeks the relief of "an award of 13 trillion dollars." *Id.*

Plaintiff previously filed a similar application and complaint with this Court on August 25, 2010. *See* Motion to Proceed in Forma Pauperis ("Previous Application"), *Ortega v. U.S. Gov.*, No. 3:10-cv-00313-KC-ML (W.D. Tex. Aug. 25, 2011), ECF No. 1; Complaint ("Previous Complaint"), *Ortega v. U.S. Gov.*, No. 3:10-cv-00313-KC-ML (W.D. Tex. Aug. 25, 2011), ECF No. 1-1. In his Previous Complaint, Plaintiff alleged that a sheriff, unknown jailers, and policemen hit Plaintiff "on head many times." Previous Compl. 3. He also stated, "unknown officers beat up [Plaintiff] many times in the head, so [Plaintiff] is seeing doctors." *Id.* at 4.

On October 4, 2010, the magistrate judge in the previous case issued an order for Plaintiff to complete a questionnaire to clarify some of the information he had provided. "Order to Complete Questionnaire," *Ortega v. U.S. Gov.*, No. 3:10-cv-00313-KC-ML (W.D. Tex. Oct. 4, 2010), ECF No. 2. Plaintiff filed his responses to the questionnaire on October 8, 2010. "Notice of Filing Questionnaire" ("Questionnaire"), *Ortega v. U.S. Gov.*, No. 3:10-cv-00313-KC-ML (W.D. Tex. Oct. 8, 2011), ECF No. 5. In the Questionnaire, Plaintiff was asked to provide a brief statement of facts about when, where, and how these alleged beatings occurred, who was involved and what injuries resulted. *Id.* at 3. However, Plaintiff only responded that the beatings occurred "when I was in [jail]." *Id.*

## II. DISCUSSION

### A. In Forma Pauperis

A plaintiff may proceed in a civil case in forma pauperis, meaning the court waives the initial filing fees, when he "submits an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay" the filing fees.[1] 28 U.S.C. § 1915(a)(1). A district court has discretion in deciding whether to grant or deny a request to proceed in forma pauperis. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)). In deciding whether to grant a request outright or require the applicant to pay a partial filing fee, courts should consider the financial condition of the applicant and review the other demands on the applicant's financial resources. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Here, the Plaintiff indicates that he has a source of money from "U.S.A. checks," but he does not indicate how much money he has received from the checks during the past 12 months. Appl. 1. Furthermore, Plaintiff states he does not own cash or have money in a checking or savings account. *Id*. Additionally, he claims that he does not own real estate, stocks, bonds, notes, automobiles, or any other valuable property. *Id*. at 2. While this information does not contain much detail and the mention of "U.S.A. checks" is vague, this Court determines that Plaintiff has fulfilled the requirements laid out by 28 U.S.C. § 1915(a) by demonstrating that he is unable to pay the filing fee

---

[1] A typographical error in the final version of the statute occurred and Congress intended the phrase "that includes a statement of all assets such prisoner possesses" to read "that includes a statement of all assets such person possesses." *See Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997) ("We think the most natural reading. . . is that Congress intended all petitioners to be more specific in their (a)(1) affidavits and that it intended prisoners to meet additional requirements under (a)(2)."). The Court interprets the statute accordingly.

at the outset of this law suit. Plaintiff's Application is therefore granted.

B.  **Plaintiff's Complaint**

The statute allowing for in forma pauperis actions states that a court "shall" dismiss an in forma pauperis case at any time if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To determine if a complaint fails to state a claim upon which relief may be granted, courts engage in the same analysis as when ruling on a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a pleading need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's pleading must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

4

recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Furthermore, "'[i]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Calhoun*, 312 F.3d at 733-34 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). However, even a pro se complaint must set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citing *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988)).

In his Complaint, Plaintiff listed "U.S.A." as the defendant on the first page, but on the third page listed the defendant as "[jail]." Compl. 1, 3. In his brief statement of facts, Plaintiff stated, "the [jailer], policemen, [and] prison guards, hit Plaintiff many times on head. Plaintiff is seeking doctors." Compl. 4. However, Plaintiff failed to list each defendant, his official position, his place of employment, and his full mailing address. Therefore, even if the Court assumes that Plaintiff intended to name prison guards and policemen in El Paso County, he has failed to properly name or provide sufficient information to identify the defendants. *See Willis v. Construction Co.*, 73 F. App'x 61, *1 (5th Cir. 2003) (unpublished) (holding that because the plaintiff had not provided any information on the identity of the defendants or their relationship to the state, he had failed to state a claim under § 1983). Plaintiff also failed to provide a statement regarding when, where, and how the alleged beating occurred, who was involved, and what injuries resulted. Additionally, Plaintiff has provided no context to the Defendant's alleged actions of hitting him on the head from which the Court may conclude that he has stated a prima facie constitutional claim, much less that his claim is plausible on its face. *See Twombly*, 550 U.S. at 570. Because of all of these factual deficiencies,

the Court concludes Plaintiff has failed to state a claim upon which relief may be granted, making dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) appropriate.

The Court recognizes that the Fifth Circuit encourages district courts to hold a hearing or use a questionnaire to allow plaintiffs an opportunity to further develop their factual allegations before having their cases dismissed for failure to state a claim. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). However, in the present circumstances the Court does not believe either procedure is necessary, given the results the Court obtained when it sent Plaintiff a questionnaire in the apparently similar, earlier case of *Ortega v. U.S. Government*. Because Plaintiff's response to the questionnaire there, as detailed above, provided no more useful detail than what Plaintiff has pleaded in his Complaint here, the Court does not believe a questionnaire or hearing would assist Plaintiff in presenting factual allegations sufficient to state a claim. However, because the Court does not wish to foreclose the possibility of recovery for Plaintiff if he can re-plead his case with sufficient particularity to state a claim, the Court's dismissal here is without prejudice.

### III.  CONCLUSION

For the foregoing reasons Plaintiff's Application, ECF No. 1, is **GRANTED** and Plaintiff's Complaint, ECF No. 1-1 is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** on this 15th day of August, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE